# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA M. EMERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-884** |
| **UNITED STATES OF AMERICA, ET AL.** | **SECTION: "S"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Tina M. Emerson, an Arkansas prisoner, filed this *pro se* civil rights action. She named as defendants the United States of America, United States Magistrate Judge Sally Shushan, and United States District Judge Carl Barbier. In this lawsuit, plaintiff claims that her rights were violated in her federal *habeas corpus* proceeding and that she was wrongly denied relief.

### I. Facts

On or about June 22, 2010, plaintiff filed a federal *habeas corpus* petition challenging a Louisiana conviction. Magistrate Judge Shushan thereafter issued a report recommending that plaintiff's petition be dismissed for lack of subject matter jurisdiction or, alternatively, dismissed with prejudice as untimely. Emerson v. Louisiana, Civ. Action No. 10-1846, 2010 WL 5375984 (E.D. La. Nov. 18, 2010). Judge Barbier then adopted that report and recommendation and dismissed the petition. Emerson v. Louisiana, Civ. Action No. 10-1846, 2010 WL 5376359 (E.D. La. Dec. 14, 2010). The United States Fifth Circuit Court of Appeals denied plaintiff's request for

a certificate of appealability to challenge that judgment.  <u>Emerson v. Louisiana</u>, No. 11-30127 (5th

Cir. June 20, 2011).

II.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any

event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the court determines that ... the action or
> appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune
> > from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  <u>Reeves v. Collins</u>, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

## III. Plaintiff's Claims

### A. United States of America

In this federal civil rights action, plaintiff has sued the United States of America. The claims against the Government must be dismissed.

To the extent that plaintiff is attempting to sue the Government pursuant to the federal civil rights statutes, that is improper. The United States Fifth Circuit Court of Appeals has noted: "This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); see also Scott v. United States Veteran's Administration, 749 F. Supp. 133 , 134 (W.D. La. 1990) (the federal government is not a "person" subject to suit under 42 U.S.C. § 1983 and is facially exempt from that statute's provisions), aff'd, 929 F.2d 146 (5th Cir. 1991).

To the extent that plaintiff is attempting to sue the Government pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), that is likewise improper. Bivens "provides a cause of action only against government officers in their individual capacities." Affiliated Professional Home Health Care Agency, 164 F.3d at 286.

To the extent that plaintiff may be attempting to assert a claim under the Federal Torts Claims Act, that, too, is improper because federal constitutional claims are not cognizable under the Act. See, e.g., McAfee v. 5th Circuit Judges, 884 F.2d 221, 223 (5th Cir. 1989) ("A constitutional claim does not arise under the [Federal Tort Claims] Act and is barred by sovereign immunity.");

see also Sampson v. United States, 73 Fed. App'x 48, 49 (5th Cir. 2003) ("The FTCA waiver does not encompass federal constitutional torts ....").

## B.  Magistrate Judge Shushan and Judge Barbier

As noted, plaintiff has also sued Magistrate Judge Shushan and Judge Barbier, claiming that they violated her rights in the federal *habeas corpus* proceeding and wrongly denied her relief. However, those defendants are protected by absolute judicial immunity for their judicial actions. See, e.g., Wightman v. Jones, 809 F. Supp. 474 (N.D. Tex. 1992) (judicial immunity bars the award of monetary damages and declaratory or injunctive relief against federal judges in a Bivens[2] action); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994); Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); McSmith v. Engelhardt, Civ. Action No. 06-5363, 2006 WL 3478162, at *2-3 (E.D. La. Nov. 28, 2006).  Moreover, it is clear that "[i]ndependent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments." Rutherford v. United States District Courts, Civ. Action No. 10-2801, 2010 WL 3801017, at *1 (E.D. La. Sept. 2, 2010), adopted, 2010 WL 3800921 (E.D. La. Sept. 21, 2010), appeal dismissed, 425 Fed. App'x 400 (5th Cir. 2011); see also Montesano v. New York, Nos. 05 CV 9574 and 05 CV 10624, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006) ("Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments.").  Accordingly, plaintiff's claims against Magistrate Judge Shushan and Judge Barbier must be dismissed.

---

[2] Plaintiff's claims against Magistrate Judge Shushan and Judge Barbier are properly characterized as Bivens claims.  See Wightman, 809 F. Supp. at 475.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this thirtieth day of April, 2012.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.